## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOHN DOE and JANE DOE, as Parents and Next Friends of D.M., a Minor, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 11-CV-3355 |
| CHAMPAIGN COMMUNITY UNIT 4 SCHOOL DISTRICT, et al., | ) ) ) | |
| Defendants. | ) | |

## <u>OPINION</u>

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on the Report and Recommendation (d/e 20) entered by Magistrate Judge Byron G. Cudmore on February 24, 2012.  Plaintiffs have filed an Objection and Appeal from Report and Recommendation of Magistrate Judge (Plaintiffs' Objections) (d/e 21) and Defendants have filed their Partial Objections to Report and Recommendation (Defendants' Objections) (d/e 23).  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

In the Report and Recommendation, Judge Cudmore recommends allowing in part and denying in part Defendants' Motion to Dismiss Plaintiffs' Complaint (Motion to Dismiss) (d/e 12). This Court reviews de novo any part of the Report and Recommendation that has been properly objected to. 28 U.S.C. § 636(b)(1)(C). For the reasons set forth below, the Court adopts in part and rejects in part Judge Cudmore's Report and Recommendation.

## BACKGROUND

On September 20, 2011, Plaintiffs filed a 12-count Complaint (d/e 1) against the following Defendants: Champaign Community Unit 4 School District (District); Rhonda Howard[1], in her individual and official capacities; Arthur Culver[2], in his individual and official capacities; and Sue Grey, Stig Lanesskog, Tom Lockman, Greg Novak, Jamar Brown, Kristine Chalifoux, and David Tomlinson in their official capacities.[3]

---

[1] Howard is the principal of Academic Academy.

[2] Culver is the superintendent of the District.

[3] Grey, Lanesskog, Lockman, Novak, Brown, Chalifoux, and Tomlinson are members of the District's Board of Education.

The general allegations of the Complaint are as follows.

On January 21, 2011, Howard entered D.M.'s classroom prior to D.M. arriving at school. Howard detected the smell of cannabis and then left the classroom. Later, D.M. arrived at school and took his seat in the classroom, which had about 30 students in it at the time. D.M. was one of two African-American students in that classroom.

Howard entered the classroom, removed D.M. from the classroom, and took D.M. to her office where she searched D.M.'s coat and backpack. Howard then required D.M. to remove his shirt, unbutton his pants, remove his belt, remove his shoes, and partially disrobe.[4] Howard did not find any contraband on D.M. during the search. Howard did not contact D.M.'s parents prior to conducting the search. D.M. then returned to his classroom. Howard did not conduct a search of any other student in the classroom or of any other student's belongings.

According to the Complaint, Howard did not have reasonable cause to conduct this "strip search" of D.M. Howard's actions were taken

---

[4] The Complaint refers to this as a "strip search."

pursuant to her position as Principal, pursuant to the policies of and direction of Culver and the Board, and under the supervision of Culver and the Board.

Plaintiffs allege the Board and Culver had a policy, procedure, or practice and custom of failing to adequately train and supervise principals and personnel on the appropriate and correct procedures for apprehension, contacting parents of minors, conducting searches, avoiding profiling of students on the basis of race, and preventing violations of the rights of students.

The parties are familiar with the specific allegations in each of the 12 Counts of Plaintiff's Complaint, and this information is fully set out in Judge Cudmore's Report and Recommendation. Because the Parties only object to Judge Cudmore's Report and Recommendation with respect to certain counts of the Complaint, the Court will recite the specific allegations of each count in the "Analysis" section of this Opinion and then only as necessary to address the Parties' specific objections.

B. Defendants' Motion To Dismiss Pursuant To Rule 12(b)(6)

On November 14, 2011, Defendants filed their Motion to Dismiss and a Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint (Defendants' Memorandum in Support). In the Motion to Dismiss, Defendants contended that all 12 counts of the Complaint should be dismissed for failure to state a claim upon which relief may be granted. Specifically, Defendants argued as follows: (1) Counts I through XII should be dismissed because the alleged search of D.M. was reasonable in scope and justified by the compelling interest of safeguarding students and the educational environment from illegal drugs; (2) Counts I through VI, and Count XII alleging claims under §§ 1981 and 1983 should be dismissed because Plaintiffs failed to plead facts that would establish liability against the Board or Howard and Culver in their official capacities; (3) Counts II, IV, VI, and XII alleging claims under § 1981 should be dismissed because Plaintiffs fail to allege they were discriminated against in the making or enforcement of a contract; (4) Counts V and XI should be dismissed because they fail to state a claim for either failure to protect or failure to train; (5) the

individual capacity claims against Howard in Counts I and II are barred by qualified immunity ; (6) the state law claim against Howard for intentional infliction of emotional distress in Count VII should be dismissed for failure to state a claim and is barred by the Illinois Local Governmental and Governmental Employees Tort Immunity Act; and (7) Counts VIII through X should be dismissed because there is not a recognized claim under the Illinois Constitution for an unreasonable search where the student has a remedy under federal law and Illinois tort law.

## C. Judge Cudmore's Report And Recommendation And The Parties' Objections Thereto

As stated, Judge Cudmore recommends that Defendants' Motion to Dismiss be allowed in part and denied in part.  As is relevant here, Judge Cudmore recommends that the Motion to Dismiss be denied with respect to: (1) the individual capacity claims against Principal Howard in Counts I and II; (2) the individual and official capacity claims against Superintendent Culver in Count V for failure to train and supervise; and (3)the official capacity claim against the Board in count XI for failure to

train and supervise.  Judge Cudmore recommends that the remainder of the Motion to Dismiss be allowed.

As stated, both Parties have objected to parts of Judge Cudmore's Report and Recommendation.  Plaintiffs object to Judge Cudmore's recommendation that the official capacity claims against Principal Howard in Counts I and II be dismissed and that the individual and official capacity claims against Culver in Counts III and IV be dismissed. Plaintiffs make no argument other than to ask that they be given leave to replead these Counts.  Finally, Plaintiffs object to Judge Cudmore's recommendation that Count VII be dismissed because Principal Howard is immune under 745 ILCS 10/2-201.

Defendants object to the recommendation that this Court deny the request to dismiss Counts I and II against Principal Howard in her individual capacity.  Defendants also object to the recommendation to not dismiss Counts V and XI against Culver and the member of the Board of Education.

## ANALYSIS

Under Rule 12(b)(6), dismissal is proper where a complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis.  <u>Tamayo v. Blagojevich</u>, 526 F.3d 1074, 1081 (7th Cir. 2008); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929, 940 (2007).  This means that (1) "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level."  <u>EEOC v. Concentra Health Servs., Inc.</u>, 496 F.3d 773, 776 (7th Cir. 2007).  While detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." <u>Twombly</u>, 550 U.S. at 555, 127 S. Ct. at 1965, 167 L. Ed. 2d at 940.

Conclusory allegations are "not entitled to be assumed true." <u>Ashcroft v.</u>

<u>Iqbal</u>, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868, 885 (2009) (citing

<u>Twombly</u>, 550 U.S. 544 (2007)). "In ruling on Rule 12(b)(6) motions,

the court must treat all well-pleaded allegations as true and draw all

inferences in favor of the non-moving party." <u>In re marchFIRST Inc.</u>,

589 F.3d 901, 904 (7th Cir. 2009) (citing <u>Tamayo</u>, 526 F.3d at 1081).

A. Defendants' Objections

    1. Counts I and II

Counts I and II allege claims under 42 U.S.C. §§ 1983 and 1981,

respectively, against Principal Howard in both her individual and official

capacity. Defendants object to the conclusion in the Report and

Recommendation that the allegations in Counts I and II state a claim

against Principal Howard in her individual capacity. Specifically,

Defendants contend that Report and Recommendation errs in concluding

that, based on the facts pled, Principal Howard lacked reasonable

suspicion to search D.M. With respect to Count II, Defendants do not

object to the conclusion that § 1981 authorizes a claim for denial of

equal benefits under the law for racially discriminatory illegal searches and seizures.

In their argument regarding the reasonableness of the search, Defendants cite only one case, Morse v. Frederick, 551 U.S. 393, 407 (2007). Defendants cite Morse for the proposition that the serious nature of the infraction at issue justified the search at its inception.

Our Supreme Court has "applied a standard of reasonable suspicion to determine the legality of a school administrator's search of a student." Safford Unified School Dist. No. 1 v. Redding, 557 U.S. 364, 129 S.Ct. 2633, 2639 (2009) (citing New Jersey v. T.L.O., 469 U.S. 325, 342, 105 S.Ct. 733, 743-44 (1985)). The analysis of the reasonableness of the search is twofold: first, the court must determine whether the action was justified at its inception; second, the court must determine whether the search was conducted in a manner that was reasonably related in scope to the circumstances which justified the search in the first place. Long v. Turner, 664 F. Supp. 2d 930, 934 (S.D. Ind. 2009) (citing T.L.O., 469 U.S. at 341-42). The "reasonable suspicion" standard for school searches

has been "described as a moderate chance of finding evidence of wrongdoing." Safford, 129 S. Ct. at 2639.

Counts I and II are similar in that they allege that Principal Howard smelled cannabis in D.M.'s classroom prior to D.M.'s arrival at school on the day in question. Principal Howard then left the classroom, after which D.M. entered and took his seat in the classroom. Principal Howard returned and removed D.M., one of only two African-American students in the class of thirty, from the classroom. She searched his coat and backpack, and then required him to remove his shirt, unbutton his pants, remove his belt and shoes, and partially disrobe. According to the Complaint, Principal Howard had no reason to focus on D.M. The Court agrees with the conclusion in the Report and Recommendation that the allegations in Count I sufficiently allege that the facts known to Principal Howard when she initiated the search did not present a moderate chance of finding evidence of wrongdoing. As alleged, the facts did not present Principal Howard with a basis to believe that a search of D.M. presented a moderate chance of finding evidence of wrongdoing

because D.M. was not even present in the classroom when Principal Howard first smelled the cannabis. Therefore, Defendants' argument that Count I against Principal Howard in her individual capacity did not state a claim because it did not allege an unreasonable search is not well-taken and the Court will accept the recommendation that the Motion to Dismiss this claim be denied.

Defendants' argument as to why Count II did not state a claim against Principal Howard in her individual capacity is the same as their argument with respect to Count I, *i.e.*, that Plaintiffs did not adequately allege the search was unreasonable. Therefore, the Court will accept the recommendation that the Motion to Dismiss with respect to the individual capacity claim in Count II be denied.

2. Counts V and XI

Counts V and XI allege the same claims under § 1983 against Superintendent Culver and the Board respectively. Specifically, these Counts allege that both Culver and the Board had

a policy or procedure or practice and custom of tolerating or acquiescing in its personnel inadequate investigation, failing

to adequately supervise and discipline its personnel, or failing to train its personnel on appropriate and proper methods of investigation, recognition, or correct procedures for apprehension, contacting parents or searches, and preventing violations of students' rights.

These Counts further alleged that the policies and procedures that resulted in a violation of D.M.'s rights included: (1) a custom or practice of allowing school personnel to create dangers to students without taking appropriate remedial measures to protect them; (2) failing to educate and train its school personnel in proper apprehension, protection or custody, recognition, investigative or safety procedures, searches, and contacting parents; and (3) failing to train and educate its school personnel on proper methods to avoid creating dangers and failing to protect students. Finally, these counts allege both Superintendent Culver and the Board "intentionally, knowingly, recklessly or with deliberate indifference promulgated or acquiesced in the aforementioned policies, procedure, practice or customs that caused, aided or failed to prevent the violations and deprivations of D.M.'s rights." Defendants argue the Report and Recommendation errs in concluding that Plaintiffs "boilerplate"

allegations state a § 1983 claim for failure to train.

"An allegation of a 'failure to train' is available only in limited circumstances." Cornfield v. Consol. High Sch. Dist., 991 F.2d 1316, 1327 (7th Cir. 1993). To prevail on such a claim, a plaintiff must show that a school district's "failure to train its employees in a relevant respect evidences a 'deliberate indifference'" to the rights of students. Id. (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989)). In S.J v. Perspectives Charter Sch., 685 F. Supp. 2d 847 (N.D. Ill. 2010), the court dismissed a failure to train claim in a case similar to the case sub judice. The S.J. court discussed the Seventh Circuit's holding in Cornfield and stated the following:

> S.J. alleges that "said failure to train was done with deliberate indifference," arguing that "[t]he need for training employees on the legality of student strip searches is so obvious, and the inadequacy is so extremely likely to result in a violation of constitutional rights, that a failure to train is evidence of deliberate indifference to the rights of students." See Response Br. at p. 6-7. The Seventh Circuit rejected this argument in Cornfield, however, finding that "[g]iven the nebulous standards governing student searches, school districts and school district administrators cannot be held accountable on this [failure to train] ground because the particular constitutional duty at issue is not clear." 991 F.2d

> at 1327. In <u>Cornfield</u>, the plaintiff "[did] not state[ ] a claim
> that establishes deliberate indifference by District 230"
> merely by citing two reported incidents of strip searches, and
> S.J. only cites one incident. <u>See Cornfield</u>, 991 F.2d at 1327.

<u>S.J.</u>, 685 F. Supp. 2d at 858. <u>See</u> <u>also</u> <u>Ibanez v. Velasco</u>, 1997 WL

467286, at *3 (N.D. Ill. 1997) ("plaintiff's allegations of constitutional

violations that arise out of only a single incident are insufficient to show

deliberate indifference by [the defendant] to potential constitutional

violations in the absence of any allegations of previous such incidents").

Likewise, Plaintiffs in this case have failed to state a claim that

establishes deliberate indifference by citing only this single incident of a

constitutional violation. Therefore, the Court will reject the

recommendation that the failure to train and supervise claims in Counts

V and XI not be dismissed.

　3. Qualified Immunity

　Defendants allege that the Report and Recommendation errs by not

reaching a finding as to whether Superintendent Culver is entitled to

qualified immunity on the individual capacity claim in Count V and that

Principal Howard is not entitled to qualified immunity in Counts I and

II.  Given that the failure to train claim in Count V is dismissed, it is not necessary to address qualified immunity in relation to Count V.

The Court now turns to the issue of qualified immunity for Principal Howard on Counts I and II.  "Governmental actors performing discretionary functions are entitled to qualified immunity and are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Sallenger v. Oakes, 473 F.3d 731, 739 (7th Cir. 2007) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727  (1982)).  "A school official searching a student is 'entitled to qualified immunity where clearly established law does not show that the search violated the Fourth Amendment.'"  Safford, 557 U.S. 364, 129 S. Ct. at 2643 (quoting Pearson v. Callahan, 555 U.S. 223, 243-44.  129 S. Ct. 808, 822 (2009)).

As stated, the allegations in Counts I and II are that Principal Howard smelled marijuana in D.M.'s classroom, but D.M. was not there at the time.  Principal Howard then came back to the classroom after

D.M. had arrived and, with no reason to search D.M., pulled him out of class and searched his person and his backpack. Defendants argue that Principal Howard is entitled to qualified immunity because there was no fair warning that the alleged search was unconstitutional. Specifically, Defendants argue that the suspicion and scope of a search are interrelated–that "the constitutionality of school searches involves an assessment of whether the content of the suspicion matched the degree of intrusion," and that the minimal facts pled establish particularized suspicion that D.M. possessed illegal drugs. According to Defendants, in light of the grave nature of the suspicion and the relatively minimal nature of the intrusion, it was sufficient that Principal Howard knew illegal drugs had been in D.M.'s classroom to search him.

Defendants' argument ignores the fact that, before a student may be searched by school personnel, the school official must have reasonable suspicion, or a moderate chance of finding wrongdoing. See Safford Unified Sch. Dist. No. 1, 557 U.S. 364, 129 S. Ct. at 2639; T.L.O., 469 U.S. at 342, 105 S. Ct. at 743-44 . When the facts alleged in Counts I

and II are read in the light most favorable to Plaintiffs, Principal Howard is not entitled to qualified immunity.  Principal Howard was on notice that she needed reasonable suspicion to search D.M.  According to the Complaint, Principal Howard not did not have reasonable suspicion to search D.M., but had no reason whatsoever to search D.M. because D.M. was not even in the classroom when Principal Howard smelled the marijuana.  Read in the light most favorable to Plaintiffs, Principal Howard is not entitled to dismissal of Counts I and II based on qualified immunity.

B. Plaintiffs' Objections

    1.  Plaintiff is Given Leave to Replead Counts I, II, III, and IV.

The Report and Recommendation recommends that the official capacity claims against Principal Howard in Counts I and  II, and Counts III and IV against Superintendent Culver in both his individual and official capacities be dismissed for failure to state a claim.  Plaintiffs do not argue the merits of the conclusions of the Magistrate with respect to these Counts.  Instead, Plaintiffs ask leave to replead.  The pleading rules

favor decisions on the merits rather than technicalities and leave to amend pleadings should be freely given.  <u>Stanard v. Nygren</u>, 658 F.3d 792, 800-01 (7th Cir. 2011).  Therefore, the Court will accept the recommendation that the official capacity claims against Principal Howard in Counts I and II and both the individual and official capacity claims against Superintendent Culver in Counts III and IV be dismissed.  However, Plaintiff will be given leave to replead those Counts.

2.  Count VII

Plaintiffs also object to the recommendation to dismiss Count VII.  Count VII is a supplemental state law claim against Principal Howard for intentional infliction of emotional distress.  The magistrate recommended that this Count be dismissed because Principal Howard has absolute immunity for her actions under 745 ILCS 10/2-201.  Section 2-201 states as follows:

> Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

745 ILCS 10/2-201.  Plaintiffs' Objections state that they "do not believe

that the recommendation of the Court makes findings of fact as to

whether or not the actions of Defendant Howard constitutes a ministerial

vis-a-vis discretionary act."  However, the Memorandum of Law makes

no argument regarding whether Principal Howard's actions were

ministerial versus discretionary in nature.  Plaintiffs simply argue that

this Court should defer ruling on this issue "until such time as the Illinois

Court rules with respect to whether or not the absolute immunity

provided by Section 2-201 extends to intentional acts."  Plaintiffs simply

contends that "[t]his Court has previously ruled on that question in <u>Doe

v. White, et al.</u>, (DC CD IL, 2009) 627 F. [Supp.] 2d 905, 911-912, 922,

924."

"<u>De</u> <u>novo</u> review of a magistrate judge's recommendation is required

only for those portions of the recommendation for which particularized

objections, accompanied by legal authority and argument in support of

the objections, are made."  <u>United States ex rel. McCall v. O'Grady</u>, 1995

WL 584333, at *1 (N.D. Ill.1995) (citing 28 U.S.C. 636(b)(1)); <u>see</u> <u>also</u>

<u>United States v. O'Neill</u>, 52 F. Supp. 2d 954, 967 (E.D. Wis. 1999) (rejecting, without performing a <u>de</u> <u>novo</u> review, objections that were not supported by statutory analysis or citation to case law); <u>Radke's Inc. v. Bastian</u>, 2011 WL 811377, at *1 (C.D. Ill. 2011) ("Perfunctory and undeveloped arguments may be deemed waived and do not warrant consideration on the merits by the Court[.]"); <u>United States v. O'Neill</u>, 27 F.Supp.2d 1121, 1126 (E.D. Wis. 1998) ("'[W]ithout specific reference to portions of the magistrate's decision and legal discussion on the objected portion, the district court's duty to make a <u>de</u> <u>novo</u> determination does not arise[.]'") (quoting <u>United States v. Molinaro</u>, 683 F. Supp. 205, 211 (E.D. Wis. 1988); Local Rule 72.2(B) (stating objections to report and recommendation must be specific and accompanied by memorandum of law in support of those objections); Local Rule 7.1(B)(1) (stating every motion raising a question of law must be accompanied by a memorandum of law with supporting authorities upon which the party relies). While the Court does not have a duty to conduct <u>de</u> <u>novo</u> review of Plaintiffs' objection regarding whether

Principal Howard's actions were ministerial or discretionary because Plaintiffs have not supported that objection with argument or authority, the Court has nonetheless reviewed this claim and agrees with Judge Cudmore's conclusion and reasoning in his Report and Recommendation with respect to this issue.

However, as stated, Plaintiffs also object on the basis that the Court has assumed incorrectly that the state immunity statute extends to intentional acts. In <u>In re Chicago Flood Litigation</u>, 176 Ill.2d 179, 196, 680 N.E.2d 265, 273 (Ill. 1997), the Illinois Supreme Court stated as follows:

> The plain language of section 2–201 is unambiguous. That provision does not contain an immunity exception for willful and wanton misconduct. Where the legislature has chosen to limit an immunity to cover only negligence, it has unambiguously done so. Since the legislature omitted such a limitation from the plain language of section 2–201, then the legislature must have intended to immunize liability for both negligence and willful and wanton misconduct. <u>See</u> <u>Barnett v. Zion Park Dist.</u>, 171 Ill.2d at 391–92, 216 Ill.Dec. 550, 665 N.E.2d 808; <u>West v. Kirkham</u>, 147 Ill.2d 1, 6–7, 167 Ill.Dec. 974, 588 N.E.2d 1104 (1992). Cases holding to the contrary ( e.g., <u>Barth v. Board of Education</u>, 141 Ill. App.3d 266, 272–74, 95 Ill.Dec. 604, 490 N.E.2d 77 (1986) (holding that section 2–201 did not immunize willful and wanton

misconduct)) are overruled on this point.

The Illinois Supreme Court has refused to read an exception for willful and wanton misconduct into provisions of the Tort Immunity Act that do not contain an exception.  See Ries v. City of Chicago, 242 Ill. 2d 205, 222-27, 950 N.E.2d 631, 641-44 (Ill. 2011) (listing and discussing cases).  Because section 2-201 does not contain an exception for willful and wanton misconduct, Plaintiffs are incorrect that the immunity provided by that section does not extend to intentional acts.  Therefore, the Court will accept the Recommendation that Count VII be dismissed based on the immunity provided in Section 2-201.

## CONCLUSION

IT IS THEREFORE ORDERED that the Report and Recommendation (d/e 20) is REJECTED IN PART and ADOPTED IN PART.  Plaintiffs' Objection and Appeal from Report and Recommendation of Magistrate Judge (d/e 21) is ALLOWED IN PART and DENIED IN PART.  Plaintiffs are given leave to replead the official capacity claims in Counts I and II and the allegations in Counts III and

IV as requested.  The remainder of Plaintiffs' objections to the Report

and Recommendation are overruled.  Defendants' Partial Objections to

Report and Recommendation (d/e 23) is ALLOWED IN PART and

DENIED IN PART.  The Court rejects the Magistrate Judge's

recommendation that Counts V and XI not be dismissed.  Counts V and

XI are DISMISSED with leave to replead.  The remainder of Defendants'

objections are denied.

Therefore, Defendants' Motion to Dismiss (d/e 12) is ALLOWED

IN PART and DENIED IN PART.  The Motion is denied with respect to

the individual capacity claims against Principal Howard in Counts I and

II.  The remainder of the Motion is allowed and all other claims are

dismissed.  Plaintiffs are given leave to replead the official capacity claims

against Principal Howard in Counts I and II, the allegations in Counts III

and IV, and the failure to train and supervise claims in Counts V and XI.

Any amended complaint shall be filed by July 20, 2012.  Defendants

shall answer or otherwise plead by August 13, 2012.  This case is

REFERRED back to Judge Cudmore for further pre-trial proceedings.

IT IS THEREFORE SO ORDERED.

ENTERED: June 22, 2011.

FOR THE COURT:

_____ s/ Sue E. Myerscough _____
SUE E. MYERSCOUGH
UNITED STATE DISTRICT JUDGE