UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DOE, and JANE DOE, as Parents and Next Friends of D.M., A Minor,<br><br>      Plaintiffs,<br><br>vs.<br><br>CHAMPAIGN COMMUNITY UNIT 4 SCHOOL DISTRICT, a Unit of Local Government; RHONDA HOWARD, Individually, and as Principal of ACADEMIC ACADEMY; ARTHUR R. CULVER, Individually, and as Superintendent of Champaign Community Unit 4 School District; SUE GREY, President of the Board of Education of the Champaign Community Unit 4 School District; STIG LANESSKOG, Vice President of the Board of Education of the Champaign Community Unit 4 School District; TOM LOCKMAN, Secretary of the Board of Education of the Champaign Community Unit 4 School District; GREG NOVAK, Parliamentarian of the Board of Education of the Champaign Community Unit 4 School District; JAMAR BROWN, Member of the Board of Education of the Champaign Community Unit 4 School District; KRISTINE CHALIFOUX, Member of the Board of Education of the Champaign Community Unit 4 School District; and DAVID TOMLINSON, Member of the Board of Education of the Champaign Community Unit 4 School District;<br><br>      Defendants. | Civil Action No. 11-3355 |

## FIRST-AMENDED COMPLAINT
## and DEMAND FOR JURY TRIAL

**NOW COME JOHN DOE and JANE DOE**, as Parents and Next Friends of **D.M.**, A Minor, Plaintiff, and for their First-Amended Complaint against Defendants, **Champaign Community Unit 4 School District, a Unit of Local Government; Rhonda Howard,**

**Individually, and as Principal of Academic Academy; Arthur R. Culver, Individually, and as Superintendent of Champaign Community Unit 4 School District; Sue Grey, President of the Board of Education of the Champaign Community Unit 4 School District; Stig Lanesskog, Vice President of the Board of Education of the Champaign Community Unit 4 School District; Tom Lockman, Secretary of the Board of Education of the Champaign Community Unit 4 School District; Greg Novak (Deceased), Parliamentarian of the Board of Education of the Champaign Community Unit 4 School District; Jamar Brown, Member of the Board of Education of the Champaign Community Unit 4 School District; Kristine Chalifoux, Member of the Board of Education of the Champaign Community Unit 4 School District; and David Tomlinson, Member of the Board of Education of the Champaign Community Unit 4 School District;** respectfully allege as follows:

### *Jurisdiction and Venue*

1. This case is filed under *42 U.S.C. Section 1983;* and the Fourth, Fifth, Ninth and Fourteenth Amendments of the United States Constitution.

2. Jurisdiction exists in this Court under *42 U.S.C. Section 1981* and *1983, 28 U.S.C. Section 1331* and *1343*.

3. This is a civil action seeking damages against defendants for committing acts, under color of law, which denied Plaintiff of rights secured under the Constitution and laws of the United States; for conspiring for the purpose of imputing and hindering the due course of justice, with intent to deny the minor Plaintiff of equal protection of law; and for refusing or neglecting to prevent such deprivations and denials to the minor Plaintiff.

4. Plaintiffs also invoke the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to *28 U.S.C. §1367(A)*.

5. Venue is proper in this court pursuant to *28 U.S.C. §1391* as, at all relevant times, all parties resided in the Central District of Illinois where the claims also arose.

### *General Allegations*

6. ***Because of the intimate and personal nature of this Complaint, John Doe and Jane Doe have sued under assumed names. Plaintiffs stand ready to reveal their true identities in such a manner and at such time as the Court deems appropriate and directs.***

7. The named minor Plaintiff, **D.M.**, is a 15 year old male residing in the City of Champaign, County of Champaign, State of Illinois, who was, at all relevant times, enrolled at Academic Academy in Champaign, Illinois.

8. The named Plaintiff, **Jane Doe** (hereinafter "Jane"), is the mother of the minor Plaintiff, **D.M.**, and is serving as Next Friend and guardian ad litem for the purposes of this action.

9. The named Plaintiff, **John Doe** (hereinafter "John"), is the father of the minor Plaintiff, **D.M.**, and is also serving as Next Friend and guardian ad litem for the purposes of this action.

10. All of the aforesaid Plaintiffs are citizens of the United States of America.

11. Defendant, **Champaign Community Unit 4 School District** (hereinafter "Unit 4") is a unit of local government located within Champaign County, Illinois.

12. **Sue Grey, Stig Lanesskog, Tom Lockman, Greg Novak (Deceased), Jamar Brown, Kristine Chalifoux,** and **David Tomlinson** (hereinafter "Board") are members of the

Board of Education of Unit 4 in the City of Champaign, County of Champaign, and State of Illinois, and are charged with the responsibility of the administration of the public schools within the aforesaid school district in Champaign, Illinois, pursuant to State law and are empowered to oversee the education and disciplining of pupils.

13. Defendant **Arthur R. Culver** (hereinafter "Culver"), is the general Superintendent of Unit 4 in Champaign, Illinois, and as such is the chief administrative officer of the school board of Unit 4 and is responsible for the administration of the public schools and the overseeing of the disciplinary process.

14. Defendant **Rhonda Howard** (hereinafter "Howard") is the principal of the Academic Academy (hereinafter "Academy") located in the City of Champaign, County of Champaign, and State of Illinois.

15. Howard is responsible for the administration of discipline and education of students in the Academy.

16. On or about the 21st day of January, 2011, D.M. was duly enrolled as a full-time regular student in the Academy within the public school system of Unit 4.

17. At all relevant times Defendants acted under the color of state law, within the scope of their duties and within the scope of their authority.

18. Defendants each, by virtue of a custom, pattern, practice or policy, have violated rights conferred upon D.M. by the Illinois Constitution, state laws, the United States Constitution, and federal laws.

## *Factual Allegations*

19. On or about January 21, 2011, Howard entered D.M.'s classroom prior to D.M. arriving at school.

20. At that time, Howard detected the odor of cannabis.

21. Howard then left the classroom.

22. On or about January 21, 2011, D.M. entered the Academy to attend school.

23. D.M. entered his classroom and took a seat in his classroom.

24. At the aforesaid time and place there were approximately 30 students in the classroom.

25. D.M. was one of only two African-American students in that classroom.

26. Howard entered the classroom and removed D.M. from the classroom.

27. Howard, at all times, was acting as the principal of the Academy, and was in a position of authority.

28. Howard did not have any reasonable cause to focus on D.M.

29. Howard took D.M. to her office.

30. Howard searched D.M.'s coat and backpack.

31. D.M. was required by Howard to remove his shirt, unbutton his pants, remove his belt, shoes, and partially disrobe (hereinafter "strip search").

32. Howard conducted a strip search of D.M.

33. Howard did not find any contraband on D.M.

34. Howard did not contact D.M.'s parents prior to conducting the search.

35. Howard allowed D.M. to return to his classroom.

36. Howard did not conduct a search of any other student in the classroom or their belongings.

37. Howard did not have reasonable cause to conduct this search or strip search of D.M.

38. Howard's actions were taken pursuant to the policies and direction of Culver and the Board.

39. Howard's actions were taken pursuant to her position as Principal under the supervision of Culver and the Board.

40. The Board and Culver had, at all relevant times, and has, a policy, procedure, or practice and custom, of failing to adequately train principals and personnel on the appropriate and correct procedures for apprehension, contacting parents of minors, conducting searches, avoiding profiling students on the basis of race, and preventing violations of the rights of students.

41. The Board and Culver had a custom of tolerating or acquiescing in the failure to adequately supervise, discipline its principals, and for failing to train its principals and personnel on the appropriate and correct procedures for apprehension, contacting parents of minors, conducting searches, avoiding profiling students on the basis of race, and preventing violations of the rights of its students.

42. The aforesaid actions of the Defendants were reckless, done with deliberate indifference, and disregard and substantial risk of violations of D.M.

### *First-Amended Count I - Violation of 42 USC 1983 by Defendant HOWARD*

1.-42. Plaintiffs reallege paragraphs 1 through 42 above as paragraphs 1 through 42 of this First-Amended Count I.

43. At all relevant times, the Board or Culver or Unit 4 had a policy, practice, and custom of conducting unreasonable searches.

44. Alternatively, at that time, Howard exercised final policy-making authority for Unit 4 with respect to student searches.

45. By reason of the acts of Howard, under color of state law, intentionally, with gross negligence, with reckless disregard and with malice to D.M., or with deliberate indifference, acted to deprive D.M. of his rights, privileges, and immunities secured by the United States Constitution and federal laws, including:

    A. D.M.'s right not to be apprehended or taken into possession or custody as provided by the Fourth Amendment to the United States Constitution;

    B. D.M.'s right not to be deprived of life, liberty, or property without due process of law, as secured by the Fifth and Fourteenth Amendments of the United States Constitution; and

    C. D.M.'s right not to be subjected to unreasonable searches and seizures as provided by the Fourth Amendment of the United States Constitution.

46. As a proximate result of Howard's unlawful acts, D.M. has suffered damages and legal costs.

**WHEREFORE,** Plaintiffs pray for judgment against Howard for her violation of 42 U.S.C. Section 1983 in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, attorney's fees, and other appropriate relief, including punitive damages.

### *First-Amended Count II - Violation of 42 USC 1981 by Defendant HOWARD*

1.-42. Plaintiffs reallege paragraphs 1 through 42 of First-Amended Count I as paragraphs 1 through 42 of this First-Amended Count II.

43. At all relevant times, Unit 4 had a policy, practice, or custom of conducting racially discriminatory illegal searches, or imbued Howard with the final decision-making authority to do so.

44. By reason of the acts of Howard, under color of state law, intentionally, with gross negligence, with reckless disregard and with malice to D.M., or with deliberate indifference, acted to deprive D.M. of his rights, privileges, and immunities secured by the United States Constitution and federal laws, including:

   A. D.M.'s right not to be apprehended or taken into possession or custody as provided by the Fourth Amendment to the United States Constitution;

   B. D.M.'s right not to be deprived of life, liberty, or property without due process of law, as secured by the Fifth and Fourteenth Amendments of the United States Constitution;

   C. D.M.'s right not to be subjected to unreasonable searches and seizures as provided by the Fourth Amendment of the United States Constitution; and

   D. D.M.'s right not to be profiled because of his race.

45. As a proximate result of Howard's unlawful acts, D.M. has suffered damages and legal costs.

**WHEREFORE,** Plaintiffs pray for judgment against Howard for her violation of 42 U.S.C. Section 1983 in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, attorney's fees, and other appropriate relief, including punitive damages.

### *First-Amended Count III - Violation of 42 USC 1983 by Defendant CULVER*

1.-42. Plaintiffs reallege paragraphs 1 through 42 of First-Amended Count I as paragraphs 1 through 42 of this First-Amended Count III.

43. At all relevant times, the Board or Culver or Unit 4 had a policy, practice, and custom of conducting unreasonable searches.

44. Alternatively, at that time Howard exercised final policy-making authority for Unit 4 with respect to student searches.

45. By reason of the acts of Culver, under color of state law, intentionally, with gross negligence, with reckless disregard and with malice to D.M., or with deliberate indifference, acted to deprive D.M. of his rights, privileges, and immunities secured by the United States Constitution and federal laws, including:

    A. D.M.'s right not to be apprehended or taken into possession or custody as provided by the Fourth Amendment to the United States Constitution;

    B. D.M.'s right not to be deprived of life, liberty, or property without due process of law, as secured by the Fifth and Fourteenth Amendments of the United States Constitution; and

    C. D.M.'s right not to be subjected to unreasonable searches and seizures as provided by the Fourth Amendment of the United States Constitution.

46. As a proximate result of Culver's unlawful acts, D.M. has suffered damages and legal costs.

WHEREFORE, Plaintiffs pray for judgment against Culver for his violation of 42 U.S.C. Section 1983 in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, attorney's fees, and other appropriate relief, including punitive damages.

### *First-Amended Count IV - Violation of 42 USC 1981 by Defendant CULVER*

1.-42. Plaintiffs reallege paragraphs 1 through 42 of First-Amended Count I as paragraphs 1 through 42 of this First-Amended Count IV.

43. At all relevant times, Unit 4 had a policy, practice, or custom of conducting racially discriminatory illegal searches, or deferred to Culver to make the final decision making.

44. By reason of the acts of Culver, under color of state law, intentionally, with gross negligence, with reckless disregard and with malice to D.M., or with deliberate indifference, acted to deprive D.M. of his rights, privileges, and immunities secured by the United States Constitution and federal laws, including:

A. D.M.'s right not to be apprehended or taken into possession or custody as provided by the Fourth Amendment to the United States Constitution;

B. D.M.'s right not to be deprived of life, liberty, or property without due process of law, as secured by the Fifth and Fourteenth Amendments of the United States Constitution;

C. D.M.'s right not to be subjected to unreasonable searches and seizures as provided by the Fourth Amendment of the United States Constitution; and

D. D.M.'s right not to be profiled because of his race.

45. As a proximate result of Culver's unlawful acts, D.M. has suffered damages and legal costs.

**WHEREFORE,** Plaintiffs pray for judgment against Culver for his violation of 42 U.S.C. Section 1981 in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, attorney's fees, and other appropriate relief, including punitive damages.

### *First-Amended Count V - Violation of 42 USC 1983 by Defendant CULVER*

1.-42. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 42 of First-Amended Count I as paragraphs 1 through 42 of this First-Amended Count V.

43. Culver was responsible for the supervision, training and discipline of Howard and school personnel.

44. Culver had, at all relevant times, and has, a policy or procedure or practice and custom of tolerating or acquiescing in its personnel inadequate investigation, failing to adequately supervise and discipline its personnel, or failing to train its personnel on appropriate and proper methods of investigation, recognition, or correct procedures for apprehension, contacting parents or searches, and preventing violations of students' rights.

45. The policies or procedures or practices and customs of Culver which resulted in violations of Plaintiff's rights under the Fourth, Fifth, Ninth and Fourteenth Amendments of the United States Constitution and state and federal laws including:

    A. A custom or practice of allowing its school personnel to create dangers to students without taking appropriate remedial measures to protect them;

    B. Failing to educate and train its school personnel in proper apprehension, protection or custody, recognition, investigative or safety procedures, searches, and contacting parents; and

      C. Failing to train and educate its school personnel on proper methods to avoid creating dangers and failing to protect students.

    46. Culver, knowing of the inadequacy of the custom or practice and failing to train school personnel, should have personally participated to provide direction to school personnel or knew, or should have known, that Howard was going to search D.M. or other students illegally and allowed Howard to proceed to implement her illegal search of D.M.

    47. Culver's failure to train his employees in a relevant respect evidenced a deliberate indifference to the race of the students.

    48. Culver intentionally, knowingly, recklessly or with deliberate indifference promulgated or acquiesced in the aforementioned policies, procedure, practice or customs that caused, aided or failed to prevent the violations and deprivations of D.M.'s rights under the Fourth, Fifth, Ninth and Fourteenth Amendments of the United States Constitution.

    49. That as a proximate result of Culver's unlawful acts, D.M. has suffered damages including, but not limited to, past, present, and future economic loss, physical injury including permanent scarring, non-economic damages including, but not limited to, extreme pain, outrage, humiliation, emotional and psychological distress, deprivation of constitutional rights, and legal costs.

    **WHEREFORE,** Plaintiff prays for judgment against Culver for his violations of 42 U.S.C. 1983 in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, attorney's fees, and other appropriate relief, including punitive damages.

### *First-Amended Count XI - Violation of 42 USC 1983 by Defendant BOARD*

1.-42. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 42 of First-Amended Count I as paragraphs 1 through 42 of this First-Amended Count XI.

43. The Board was responsible for the supervision, training and discipline of Culver, Howard and other school personnel.

44. The Board had, at all relevant times, and has, a policy or procedure or practice and custom of tolerating or acquiescing in its personnel inadequate investigation, failing to adequately supervise and discipline its personnel, or failing to train its personnel on appropriate and proper methods of investigation, recognition, or correct procedures for apprehension, contacting parents or searches, and preventing violations of students' rights.

45. The policies or procedures or practices and customs of the Board which resulted in violations of Plaintiff's rights under the Fourth, Fifth, Ninth and Fourteenth Amendments of the United States Constitution and state and federal laws including:

    A. A custom or practice of allowing its school personnel to create dangers to students without taking appropriate remedial measures to protect them;

    B. Failing to educate and train its school personnel in proper apprehension, protection or custody, recognition, investigative or safety procedures, searches, and contacting parents; and

    C. Failing to train and educate its school personnel on proper methods to avoid creating dangers and failing to protect students.

46. The Board, knowing of the inadequacy of the custom or practice and failing to train school personnel, should have personally participated to provide direction to school personnel or

knew, or should have known, that Howard was going to search D.M. or other students illegally and allowed Howard to proceed to implement her illegal search of D.M.

47. The Board's failure to train its employees in a relevant respect evidenced a deliberate indifference to the race of the students.

48. The Board intentionally, knowingly, recklessly or with deliberate indifference promulgated or acquiesced in the aforementioned policies, procedure, practice or customs that caused, aided or failed to prevent the violations and deprivations of D.M.'s rights under the Fourth, Fifth, Ninth and Fourteenth Amendments of the United States Constitution.

49. That as a proximate result of the Board's unlawful acts, D.M. has suffered damages including, but not limited to, past, present, and future economic loss, physical injury including permanent scarring, non-economic damages including, but not limited to, extreme pain, outrage, humiliation, emotional and psychological distress, deprivation of constitutional rights, and legal costs.

**WHEREFORE,** Plaintiff prays for judgment against the Board for its violations of 42 U.S.C. 1983 in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, attorney's fees, and other appropriate relief, including punitive damages.

**PLAINTIFFS DEMAND TRIAL BY JURY AS TO ALL COUNTS.**

Respectfully submitted,

**JOHN DOE and JANE DOE, as Parents and Next Friends of D.M., A Minor,**

By:   PAUL R. WILSON, JR., LTD.

**s/Paul R. Wilson, Jr.**
Paul R. Wilson, Jr. Bar Number 3035565
Attorney for Plaintiff
Wilson Law Offices
300 S. Garrard Street
Rantoul, IL  61866
Telephone: (217) 893-9509
Facsimile: (217) 893-8311
E-mail: wilsonlaw1@frontier.com

CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jennifer A. Smith: jas@franczek.com, vtr@franczek.com

Sally J. Scott: sjs@franczek.com, alb@franczek.com

**s/Paul R. Wilson, Jr.**
Paul R. Wilson, Jr. Bar Number 3035565
Attorney for Plaintiff
Wilson Law Offices
300 S. Garrard Street
Rantoul, IL  61866
Telephone: (217) 893-9509
Facsimile: (217) 893-8311
E-mail: wilsonlaw1@frontier.com